**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LEONARD NOBLE                                                                                              PLAINTIFF
ADC #84701

V.                                      NO: 5:09CV00206 JMM/HDY

BRIAN LEVENGOOD *et al.*                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on July 24, 2009, and service was ordered. On August 19, 2009, Defendants filed a motion to dismiss, along with a brief in support (docket entries #15 & #16). Plaintiff filed a response on August 25, 2009 (docket entry #19).

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-55 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state

a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, Defendants have put him at risk of harm by calling him derogatory names. Defendants assert that Plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies before filing this lawsuit, and because he has failed to state a claim upon which relief may be granted. Because Plaintiff has failed to exhaust his administrative remedies, Defendants' motion should be granted.[1]

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Although a motion for summary judgment with supporting affidavits is ordinarily the more appropriate manner in which to address a potential exhaustion issue, there are

---

[1]Because the dismissal of Plaintiff's complaint should be on the basis of his failure to exhaust his administrative remedies, it should not count as a strike.

some cases in which a defendant can establish a failure to exhaust defense by resort to the plaintiff's own pleadings.  This is such a case.  In support of their contention that Plaintiff has failed to exhaust his administrative remedies, Defendants cite Plaintiff's complaint, in which he indicates that he had proceeded to step two of the grievance process, but had yet to receive an answer.  In his response to Defendants' motion, Plaintiff wrote that he "admitted in his complaint that he had not completely exhausted the grievance process," because ADC officials are not following the grievance procedure in that no action was taken.  Plaintiff's complaint indicates that he proceeded to step two on July 22, 2009, only two days before this complaint was filed and the complaint was actually signed two days before he proceeded to step two in the process.  Unlike some cases where the passage of time between a plaintiff's grievance filing and the receiving of no response at least raises the possibility that an individual has been prevented from exhausting, there is no indication that Plaintiff has been prevented from exhausting his administrative remedies, but only that he is dissatisfied with the way his grievances are being handled.  Again, he signed the complaint two days <u>before</u> he filed his step two grievance and only two days before his complaint was filed.  Dissatisfaction with the results of the grievances, or the way grievances are being handled, is insufficient to relieve Plaintiff of his obligation to complete the grievance process <u>before</u> filing suit.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Defendants' motion to dismiss (docket entry #15) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.	The Court CERTIFY that an *in forma pauperis* appeal from the order and judgment dismissing this action be considered frivolous and not in good faith.

3.     All pending motions be DENIED AS MOOT.

DATED this  26  day of August, 2009.

                                                                                                           _____
                                                                                                   UNITED STATES MAGISTRATE JUDGE